UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | ) Case No. 11-00870 |
| | ) Chapter 7 |
| TERESA GHIGLINO, | ) |
| | ) |
| Debtor. | ) |
| | ) |

**DEBTOR'S OPPOSITION TO
TRUSTEE'S OBJECTION TO CLAIMED
EXEMPTION OF RESIDENCE**

TO THE HONORABLE S. MARTIN TEEL, JR., BANKRUPTCY JUDGE:

COMES NOW TERESA GHIGLINO, ("Debtor"), by and through her undersigned attorney, Joy P. Robinson, Esquire and Joy P. Robinson, PC, and responds to the Marc E. Albert ("Trustee") Objection to Exemptions ("Objection") and states as follows:

1.  The debtor has elected to exempt on Schedule C her interest in her residence, a two-story, brick Victorian located at 1764 Kilbourne Place, NW, Washington, D.C. (the "Property"). in accordance with Section 15-501(a)(14) of the D.C. Code. The value of that claimed exemption is $74,479.50 on a market value of $550,000.00. The trustee has objected to the exemption.

2.  The Debtor's exemption is pursuant to D.C. Code § 15-501(a)(14) which allows a Debtor to exempt: "the debtor's aggregate interest in real property ***used as the residence of the debtor,*** except nothing relative to these exemptions shall impair the following debt instruments on real property: deed of trust, mortgage, mechanic's lien, or tax lien." (emphasis added)

3. First and foremost the property is the sole residence of the debtor and her son who is away at college. Secondly, there has not been any historical use of the basement as a rental unit. In fact her intention was to rent the basement temporary to a family member until her son graduates from college in about a year. This was done for the purpose of having someone else in the home for security reasons while allowing the ability to supplement her income in these tough economic times. It was never her intention to change the character of her home or any part thereof into a rental unit thereby loosing her exemptions.

## Argument

1. Debtor argues that within the meaning of the statute, the portion of the house occupied by others are part of real property used as residence of the debtor" because the basement is contained within a single house used as her residence, and the statute does not require that the real property be used only as the residence of the debtor. The idea that once one uses any part of his residence to provide for and help to pay her living expenses would seem contrary to the reasons why there is such a statute creating the exemption.

2. Debtor's basement does not comprise of a separate apartment for rental purposes. The portion of the property in question was only occupied by someone other than Debtor's dependent only since July 2011; the person occupying the space is related to the debtor. The debtor utilizes the basement for purposes of doing her laundry and for storage. That there is not a "certificate of occupancy" for the basement, there are no separate utilities the house contains only one electric, gas and water meter. In fact for purposes of the Means Test the person occupying the basement was included and counted as part of debtor's household.

3. In the present case, the *Springmann* guidance on line drawing weighs in favor of

granting the Debtor's exemption in that portion of the Property that the trustee asserts is being used for rental purposes because it is not a separate dwelling unit. The basement is not separate from the rest of the house it is still being utilized by the debtor and her dependents, for purposes of doing the family laundry and storage.

4.   The debtor's exemption arises simply from her residence. No other issues need be considered. Her residence is a single family dwelling.  It is not subdivided into individual apartments.  There are no long term leases. There is no acreage for alternative uses. There is no case law to support the trustee's theory that the debtor's homestead interest in his property should be divided in some way because it is used for some small way to supplement her income. This is not a case where there are multiple dwellings on a single tract of land. The character of the basement is not separate and distinct from the debtor's use of her single family residence. See In Re Evans, 51 B.R. 47 and In Re Bell, 252 B.R. 562.  The Trustee fails to offer legal authority that the debtor in the instant case abandoned her homestead interest. Thus, the Trustee's reliance on *In re Springmann,* 328 B.R. 251, 263 (Bankr. D.D.C. 2005) supports the debtor's position in the instant case.

5.   Collateral use of the property so long as it is occupied by the debtor does not negate the homestead exemption. In Gainus v. Cannon, 42 Ark. 504 (1884), Mr. Justice Eakin, speaking for the court, said: ***"It is a strange and irrational idea, sometimes advanced, that a man ought to lose his homestead as soon as he attempts to make any part of it subservient to a trade or occupation, or to make it  helpful in family expenses."*** (Emphasis supplied).  The Court sustained the homestead exemption in the case involving the owner occupying his house while at the same time gaining income from the rental of rooms. "Homestead laws are liberally construed, and this would be a very illiberal restriction. It is the policy of the State to encourage every freeman to the exercise of industry, thrift, and good management of his resources; and within a limited area to make it as valuable as possible. It makes better citizens, and increases the taxable wealth of the

body politic." Id. at 515.

## CONCLUSION

Simple put the ruling the Trustee desires would deprive debtor of his right to exempt her residence, under the facts herein, are not supported by legal precedent or statutory interpretation. Such a result would strip away a debtor's homestead exemption, based on the facts cited herein, and would establish a principle of law never intended by the District of Columbia legislative council.  Moreover, it would place a burden on the court to make a formula to allow for partition of a property or force upon a debtor a result that deprives him of his right to maintain his homestead contrary to legislative intent. In the instant case, the debtor definitely manifested the requisite homestead intention and used the designated property in a manner appropriate to homestead purposes.

The Debtor requests that this Court enter an order overruling the Trustee's objection to Debtor's exemption in that portion of the Property consisting of the basement apartment that is he contends is being used as a rental unit.

WHEREFORE the Debtor respectfully requests that this Court enter an order:

a).     overruling the Trustee's Objection to the Debtor's exemption of the portion of the Property that is used as a rental unit; and

b)     granting such further and other relief as is just and proper.

Dated: February 6, 2012                    Respectfully submitted,

                                                           /s/ Joy P. Robinson
                                                           Joy P. Robinson, Fed Bar # 08057
                                                           9701 Apollo Drive Suite 451
                                                           Upper Marlboro, MD 20774
                                                           Telephone: (301) 636-9461
                                                           Fax: (301) 263-6888
                                                           joy@joyrobinsonlaw.com

                                                           *Attorney for the Debtor*

<u>CERTIFICATE OF SERVICE</u>

   I hereby certify that a copy of the foregoing Opposition to Trustee's Objection to Exemptions was mailed via first class mail, postage prepaid, or electronically this the 6th day of February, 2012, upon the following:

Martha L. Davis, Esq.
Office of the United States Trustee
115 South Union Street
Suite 210
Alexandria, VA  22314

Katherine M. Sutcliffe Becker, Esq.
Tracey M. Ohm, Esq.
Stinson Morrison Hecker LLP
1775 Pennsylvania Ave., N.W. Suite 800
Washington, DC 20006

Marc E. Albert, Trustee
STINSON MORRISON HECKER LLP
1775 Pennsylvania Ave., N.W.
Suite 800
Washington, DC20006
Tel. (202) 785-9100
Fax (202) 785-9163

Teresa Ghiglino
1764 Kilbourne Place NW
Washington, DC 20010

                */s/* Joy P. Robinson
                Joy P. Robinson

DB04n73380.0173/5664142.1 DD02

UNITEDSTATESBANKRUPTCYCOURT
FOR THE DISTRICT OF COLUMBIA

_____

Inre:

TERESA GHIGLINO, Debtor.

_____

)
)
)
)   Case No. 11-00870
)   Chapter?
)

## ORDER OVERULLING TRUSTEE'S OBJECTION TO EXEMPTIONS

This matter came before the Court on the Objection to Exemptions filed by Marc E. Albert, Chapter 7 trustee ("Trustee") for the estate of Teresa Ghiglino ("Debtor"). The Trustee objects to the exemption claimed by the Debtor, on her Schedule C, to an interest in the real property located at 1764 Kilbourne Place, NW, Washington D.C. 20010 (the "Property") in the claimed amount of $74,479.50 pursuant to D.C. Code Ann. § 15-501(a)(14). This Court, having considered the Objection and any opposition thereto, finds that good cause exists to grant the relief requested, and it is hereby:

ORDERED ADJUDGED AND DECREED that the Objection to Exemptions is SUSTAINED in its entirety; and it is

FURTHER ORDERED that the Debtor cannot claim an exemption in the portion of the Property used as a separate rental unit pursuant to D.C. Code Ann.§ 15-50l(a)(14).

Copies to:

Katherine M. Sutcliffe Becker, Esq.
Tracey M. Ohm, Esq.
Stinson Morrison Hecker LLP
1775 Pennsylvania Ave., N.W.
Suite 800
Washington, DC 20006

Martha L. Davis, Esq.
Office of the United States Trustee
115 South Union Street
Suite 210
Alexandria, VA  22314

Joy Patricia Robinson, Esq.
Joy P. Robinson, PC
9701 Apollo Dr.
Suite 451
Largo, DC 20774

Teresa Ghiglino
1764 Kilbourne Place NW
Washington, DC 20010

DB04n73380.0173/5664735.1  DD02