UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re: §
§
TERESA GHIGLINO § Case No. 11-00870
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on    . The undersigned trustee was appointed on .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of          $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]          $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Marc E. Albert_____
                                      Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 2**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 11-00870 | SMT | Judge: | S. Martin Teel Jr. | | Trustee Name: | Marc E. Albert |
| Case Name: | TERESA GHIGLINO | | | | | Date Filed (f) or Converted (c): | 11/18/11 (f) |
| | | | | | | 341(a) Meeting Date: | 12/22/11 |
| For Period Ending: 08/29/12 | | | | | | Claims Bar Date: | 04/26/12 |

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1 | Settlement (u) | 5,000.00 | 5,000.00 | | 5,000.00 | FA |
| 2 | House located @: 1764 Kilbourne Place NW, Washington, DC 200 | 550,000.00 | 550,000.00 | DA | 0.00 | FA |
| 3 | Checking account located @ Sovereign Bank | 0.00 | 0.00 | DA | 0.00 | FA |
| 4 | Arlington FCU ending 7854 | 600.00 | 600.00 | DA | 0.00 | FA |
| 5 | PNC ending 7854 | 260.00 | 260.00 | DA | 0.00 | FA |
| 6 | Stove, Refrigerator, Microwave, Washer/dryer, Cookware, | 1,500.00 | 1,500.00 | DA | 0.00 | FA |
| 7 | Dress, Shoes, Panths, Coats, Hats, Etc. | 200.00 | 200.00 | DA | 0.00 | FA |
| 8 | 2011 Ford Fiesta | 15,042.00 | 15,042.00 | DA | 0.00 | FA |
| 9 | 403B Retirement Plan @ ING | 36,000.00 | 36,000.00 | DA | 0.00 | FA |
| 10 | 2002 Ford Escort Milage | 2,918.00 | 2,918.00 | DA | 0.00 | FA |

TOTALS (Excluding Unknown Values)     $611,520.00     $611,520.00     $5,000.00

Gross Value of Remaining Assets
$0.00
(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR):  / /          Current Projected Date of Final Report (TFR):  / /

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 11-00870 | Trustee Name: Marc E. Albert |
| Case Name: TERESA GHIGLINO | Bank Name: Union Bank |
| | Account Number/CD#: XXXXXX5974 - Checking Account |
| Taxpayer ID No: XX-XXX2761 | Blanket Bond (per case limit): $2,000,000.00 |
| For Period Ending: 08/29/12 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 03/01/12 | 1 | Joy P. Robinson, PC<br>9701 Apollo Drive<br>Suite 451<br>Upper Marlboro, MD 20774-6700 | Settlement Payment | 1249-000 | 5,000.00 | | 5,000.00 |
| 04/25/12 | | Union Bank | BANK SERVICES FEE (CHK) | 2600-000 | | 9.83 | 4,990.17 |
| 05/25/12 | | Union Bank | BANK SERVICES FEE (CHK) | 2600-000 | | 9.83 | 4,980.34 |
| 06/11/12 | 000101 | STINSON MORRISON HECKER LLP<br>1775 Pennsylvania Ave, NW<br>Suite 800<br>Washington, DC 20006 | Attorney for Trustee Fees - Per Order Entered 6/7/2012 | 3110-000 | | 1,750.00 | 3,230.34 |
| 06/11/12 | 000102 | STINSON MORRISON HECKER LLP<br>1775 Pennsylvania Avenue, NW<br>Suite 800<br>Washington, DC 20006 | Attorney for Trustee Expenses - Per Order Entered 6/7/2012 | 3120-000 | | 61.34 | 3,169.00 |
| 06/25/12 | | Union Bank | BANK SERVICES FEE (CHK) | 2600-000 | | 9.83 | 3,159.17 |
| 07/25/12 | | Union Bank | BANK SERVICES FEE (CHK) | 2600-000 | | 7.37 | 3,151.80 |

| | | | |
|---|---|---|---|
| COLUMN TOTALS | 5,000.00 | 1,848.20 | 3,151.80 |
| Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 5,000.00 | 1,848.20 | |
| Less: Payments to Debtors | 0.00 | 0.00 | |
| Net | 5,000.00 | 1,848.20 | |

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL OF ALL ACCOUNTS | 5,000.00 | 1,848.20 | 3,151.80 |
| Checking Account - XXXXXX5974 | -------- | -------- | -------- |
| | 5,000.00 | 1,848.20 | 3,151.80 |
| | ========= | ========= | ========= |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

Total Allocation Receipts: 0.00
Total Net Deposits: 5,000.00
Total Gross Receipts: 5,000.00

Page Subtotals    5,000.00    1,848.20

Case 11-00870   Doc 47   Filed 08/29/12   Entered 08/29/12 16:59:31   Desc Main
Document      Page 5 of 8

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 11-00870
Debtor Name: GHIGLINO, TERESA
Claims Bar Date: 04/26/12

Date: August 29, 2012

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Marc E. Albert<br>1775 Pennsylvania Avenue, NW<br>Suite 800<br>Washington DC 20006 | Administrative | | $0.00 | $1,250.00 | $1,250.00 |
| 100 2200 | Marc E. Albert<br>1775 Pennsylvania Avenue, NW<br>Suite 800<br>Washington DC 20006 | Administrative | | $0.00 | $91.05 | $91.05 |
| 5 200 5800 | IRS Centralized Insolvency<br>PO BOX 7346<br>Philadelphia, PA 19101 | Priority | | $0.00 | $1,272.00 | $1,272.00 |
| 1 999 7100 | BB&T<br>Po Box 1847<br>Wilson, NC 27894 | Unsecured | | $0.00 | $14,060.74 | $14,060.74 |
| 2 999 7100 | BB&T<br>Po Box 1847<br>Wilson, NC 27894 | Unsecured | | $0.00 | $93.78 | $93.78 |
| 3 999 7100 | BB&T<br>Po Box 1847<br>Wilson, NC 27894 | Unsecured | | $0.00 | $1,002.08 | $1,002.08 |
| 4 999 7100 | GE Capital Retail Bank<br>c/o Recovery Management<br>Systems Corp<br>25 SE 2nd Ave Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $0.00 | $3,243.19 | $3,243.19 |
| 6 999 7100 | Ing Direct<br>P.O. Box 60<br>Saint Cloud, MN 56302-0060 | Unsecured | | $0.00 | $410.82 | $410.82 |
| 7 999 7100 | EnerBank USA<br>1245 East Brick Yard Road Ste 640<br>Salt Lake City, UT 84106 | Unsecured | | $0.00 | $29,872.95 | $29,872.95 |
| 8 999 7100 | FIA CARD SERVICES, N.A.<br>PO Box 15102<br>Wilmington, DE 19886-5102 | Unsecured | | $0.00 | $6,733.68 | $6,733.68 |
| 9 999 7100 | FIA CARD SERVICES, N.A.<br>PO Box 15102<br>Wilmington, DE 19886-5102 | Unsecured | | $0.00 | $16,416.57 | $16,416.57 |
| 10 999 7100 | Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Unsecured | | $0.00 | $4,786.93 | $4,786.93 |
| 11 999 7100 | American Express Centurion Bank<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern PA 19355-0701 | Unsecured | | $0.00 | $6,573.63 | $6,573.63 |
| 12 999 7100 | American InfoSource LP as agent for<br>T Mobile/T-Mobile USA Inc<br>PO Box 248848<br>Oklahoma City, OK 73124-8848 | Unsecured | | $0.00 | $1,065.57 | $1,065.57 |
| | Case Totals | | | $0.00 | $86,872.99 | $86,872.99 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-00870
Case Name: TERESA GHIGLINO
Trustee Name: Marc E. Albert

Balance on hand $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Marc E. Albert | $ | $ | $ |
| Trustee Expenses: Marc E. Albert | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses   $_____
Remaining Balance   $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 5 | IRS Centralized Insolvency | $ | $ | $ |

    Total to be paid to priority creditors      $_____

    Remaining Balance      $_____

    The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

    Timely claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

    Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | BB&T | $ | $ | $ |
| 2 | BB&T | $ | $ | $ |
| 3 | BB&T | $ | $ | $ |
| 4 | GE Capital Retail Bank | $ | $ | $ |
| 6 | Ing Direct | $ | $ | $ |
| 7 | EnerBank USA | $ | $ | $ |
| 8 | FIA CARD SERVICES, N.A. | $ | $ | $ |
| 9 | FIA CARD SERVICES, N.A. | $ | $ | $ |
| 10 | Capital One Bank (USA), N.A. | $ | $ | $ |
| 11 | American Express Centurion Bank | $ | $ | $ |
| 12 | American InfoSource LP as agent for | $ | $ | $ |

    Total to be paid to timely general unsecured creditors      $_____

    Remaining Balance      $_____

      Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

      Tardily filed general (unsecured) claims are as follows:

NONE

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE